McBRIDE, Judge.
This is a suit on an open account wherein plaintiff claims $1,511.83 as the balance due for various lumber and building materials sold and delivered defendant. On the day suit was filed defendant paid the sum of $150 on account, leaving in contest the sum of $1,361.83. Defendant filed a general denial.
After hearing the case on the merits, judgment was rendered in favor of plaintiff for $1,202.52, from which defendant has taken this appeal; plaintiff answered thereto praying that the judgment be increased to the sum of $1,361.82.
Although the case started out as a simple suit on an open account, the matter, on the trial, was transformed into a general accounting between plaintiff and defendant, the defendant’s contention being that on April 10, 1958, the then bookkeeper for plaintiff wrote him a letter which listed all unpaid invoices which defendant owed, which, according to our calculation, amounted to $1,649.05. Against this defendant claims certain credits consisting of cash payments, overcharges, and a 2 percent discount which he claimed was due on the payment of one of the invoices, and according to defendant’s computation of his balance, he admits he owes $771.69.
The controversy in this case really revolves around 6 invoices which aggregate $425.49, which plaintiff claims were inadvertently not included in the bookkeeper’s letter of April 10, 1958. We think plaintiff has shown that there was error in the letter to that extent and at the time the letter was sent defendant owed, in addition to the amount shown thereon, the sum of $425.49, represented by the 6 invoices aforestated. The plaintiff, of course, *513 had the right to show error in the statement and to correct the same and charge defendant with the 6 invoices. The defendant justly owes them.
Adding the additional amount of $425.49 to the sum of $771.69 which defendant admits he owes would give us a total of $1,197.18 or $5.34 less than the amount of the judgment. The trial court painstakingly analyzed a rather complicated account embellished by a mass of conflicting testimony and disputations, and we think the amount of the judgment appealed from represents the true and correct amount due by the defendant. There is ample competent evidence in the record to support it.
The judgment should neither be lowered nor increased, and therefore it is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.